IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BRANCH BANKING & TRUST COMPANY,** | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION 08-0558-WS-B ) |
| **R. H. SIMMONS, LLC, et al.,** | ) ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion for default judgment against the defendants. (Doc. 24). Default has previously been entered against both defendants. (Docs. 12, 22). Because they have not appeared, they are not entitled to notice of the pending motion. Fed. R. Civ. P. 55(b)(2).

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact .... A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." *Nishimatsu Construction Co. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1371 n.41 (11th Cir. 1997). Rather, "before entering a default *judgment* for damages, the district court must ensure that the well-pleaded allegations of the complaint ... actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Security, LLC v. Alcocer*, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (emphasis in original).

The complaint alleges that defendant R.H.Simmons, LLC ("LLC") borrowed money from the plaintiff on several occasions, that LLC executed a promissory note to repay each sum, and that LLC has not repaid the amount due under these documents.

(Doc. 1). These allegations are substantially repeated in the amended complaint, which adds Randall H. Simmons as a defendant and alleges that he guaranteed payment on these loans. (Doc. 13). There is no question but that these allegations actually state a cause of action and that the complaint and amended complaint contain a substantive, sufficient basis for the relief sought.

"While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and the character of damages." *Capitol Records v. Carmichael*, 508 F. Supp. 2d 1079, 1084 n.4 (S.D. Ala. 2007); *see also Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court [on entering default judgment] has an obligation to assure that there is a legitimate basis for any damage award it enters ...."); *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (on default judgment, "[d]amages may be awarded only if the record adequately reflects the basis for award ...."); 10A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 2688 at 58-59 (3rd ed. 1998) ("If the court determines that [the] defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."). Thus, the mere granting of default judgment does not establish the plaintiff's entitlement to any quantum of damages.

A hearing to establish damages is not universally required. None is needed "where all essential evidence is already of record ..., such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *Securities and Exchange Commission v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). Here, suit is brought on promissory notes and a guaranty agreement, which have been submitted along with an affidavit from the lender's representative, and the plaintiff does not request a hearing. Accordingly, none will be held.

"A judgment by default shall not be different in kind from or exceed in amount

that prayed for in the demand for judgment." Fed. R. Civ. P. 54(c).  While the demand in the original complaint exceeded $1.3 million, the demand in the amended complaint is for $457,172.82, plus interest, costs and attorney's fees.  (Doc. 13 at 10).  It is this demand against which the requirement of Rule 54(c) must be measured.  Upon review, the Court concludes that the plaintiff does not seek an award greater than that sought in the amended complaint.

The plaintiff seeks recovery of incurred attorney's fees and expenses of $18,810.87.  The notes and the guaranty agreements provide for recovery of costs of collection, including reasonable attorney's fees.  The submitted affidavits of counsel establish that these fees and expenses were actually and reasonably incurred and are reasonable in amount.

In summary, the plaintiff is entitled to judgment against each defendant in the requested amount of $494,793.87.[1]  The motion for default judgment is **granted**.  Judgment shall be entered accordingly by separate order.

DONE and ORDERED this 6th day of April, 2009.

s/ WILLIAM H. STEELE<br>UNITED STATES DISTRICT JUDGE

---

[1] This is the figure requested in the motion for default judgment.  The figure provided by the plaintiff's affidavit is approximately $2,500 higher.  Without explanation for the disparity, the Court is guided by the lower figure.